-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DERRICK RODDY,

        Plaintiff,

        -v-

LORI LAY, STEVE SWAIN,

        Defendants.

DECISION AND ORDER
09-CV-0848Sr

---

On March 12, 2010, the Court (Hon. Michael A. Telesca) dismissed some of the claims set forth in the amended complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), and directed the Clerk of the Court to cause the United States Marshals Service to serve the summons and amended complaint on the remaining defendants, Lori Lay and Steve Swain. (Docket No. 5). Summonses were issued on March 18, 2010, but to date no return of service has been filed nor is there any other evidence that service was completed on Lay. *See* N.Y.C.P.L.R. § 312-a; Fed.R.Civ.P. 4(e). Swain has filed an answer. (Docket No.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff shows "good cause for the failure" to serve, the court is required to grant an "appropriate" extension of time in which to serve the summons and complaint. Fed.R.Civ.P. 4(m). A courts also has discretion to extend the 120-day period even in the absence of good cause. *See Zapata v. City of New York*, 502 F.3d 192, 196-97 (2d Cir.2007).

An indigent *pro se* prisoner, such as the plaintiff, is "entitled to rely on service by the U.S. Marshals." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986). "As long as the *pro se* prisoner provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)." *Murray v. Pataki*, 09-1657-pr, 2010 WL 2025613, at *2 (2d Cir. May 24, 2008) (Summary Order) (citations omitted).

Plaintiff's amended complaint identifies the defendant, Lori Lay,[1] as a Nurse at the Erie County Correctional Facility. Accordingly, the Court finds good cause to extend plaintiff's time to serve the summons and amended complaint on Lay.

IT IS HEREBY ORDERED that plaintiff is granted a 120 day extension of time to serve the summons and amended complaint on defendant Laura Lay, and the Clerk of the Court is directed to cause the United States Marshals Service to serve the summons and amended complaint on Laura Lay at the Erie County Correctional Facility, 11581 Walden Avenue, Alden, N.Y. 14004. The Clerk of the Court is also directed to complete the necessary summons and Marshal Process Receipt and Return Form for service on said defendant;

FURTHER, that defendant Lay, pursuant to 42 U.S.C. § 1997e(g)(2), is directed to respond to the amended complaint; and

FURTHER, that in order to facilitate service herein the Clerk of the Court is directed to forward copies of this Order and the amended complaint to the County of Erie, Department of Law,

---

[1] In an attempt to learn the status of service on Lay, the Court's Pro Se Office contacted the County of Erie's Department of Law and was advised that Ms. Lay's full name is "Laura Lay," not "Lori Lay." The Court does not know whether this is a reason why service was not completed on Ms. Lay.

95 Franklin Street, 16th Floor, Buffalo, N.Y. 14202, the office that represented Ms. Lay in another matter in this court, and in all likelihood will represent her in this action.

IT IS SO ORDERED.

_____

DAVID G. LARIMER

United States District Judge

DATED: May 27, 2010

Rochester, New York