**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

─────────────────────────────

**DERRICK RODDY,**

                                    **Plaintiff,**                    **09-CV-0848S(Sr)**

**v.**

**LORI LAY and**
**STEVE SWAIN,**

                                    **Defendants.**

─────────────────────────────

## DECISION AND ORDER

                This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for

hearing and disposition of all non-dispositive motions or applications.  Dkt. #11.


**Reconsideration**

                Defendant Steve Swain moves for reconsideration of so much of this

Court's Decision and Order entered December 19, 2011, in which the Court granted

plaintiff's motion to amend his complaint to assert pendent claims of gross negligence,

negligent infliction of emotional distress and medical negligence.  Dkt. #53.  In that

Decision and Order, the Court denied this aspect of plaintiff's motion to amend with

respect to defendant Lay,[1] who was alleged to be an agent of Erie County acting under

color of law to provide medical care and treatment to inmates, because plaintiff had not

─────────────────────

        [1] Plaintiff filed a Notice of Voluntary Dismissal with respect to defendant Lay which was
SO ORDERED by the Court on March 5, 2012.  Dkt. #66.

complied with New York General Municipal Law § 50-e, which requires service of a notice of claim on the public corporation within ninety days after the claim arises whenever the corporation has a statutory obligation to indemnify the officer of the public corporation, and because the statute of limitations had run on plaintiff's negligence claims, thereby precluding an application to file a late notice of claim.  Dkt. #48, pp.7-8. In reaching this conclusion, the Court relied upon Section 18(4) of New York's Public Officer's Law, which requires a county to indemnify its employees in the amount of any judgment obtained against them for claims which arise while the employee is acting within the scope of his or her employment unless the injury was the result of intentional wrongdoing or recklessness.  Although defendant Swain was also alleged to be acting under color of law to provide medical care and treatment to inmates, plaintiff alleged that he was employed by Physician Assistant of Western New York, P.C. ("PAWNY"). Dkt. #48, p.7, n.2.  Without sufficient information to determine whether defendant Swain was within the scope of General Municipal Law § 50-e, the Court could not deem the amendment futile.  Dkt. #48, p.7, n.2.

In support of his motion for reconsideration, defendant Swain argues that General Municipal Law § 50-I affords him protection against pendent claims absent a timely Notice of Claim.  Dkt. #54, pp.4-6.  Alternatively, defendant argues that the Notice of Claim requirements apply by virtue of the contract between the County of Erie and his employer, PAWNY.  Dkt. #53, ¶ 5.

In response, plaintiff argues that General Municipal Law § 50-I  does not apply because defendant was not an agent of Erie County, but an independent contractor. Dkt. #57, p.9.

Defendant replies that plaintiff's complaint asserts that he was an agent of Erie County.  Dkt. #64, p.4.

"It is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment . . . ."  *In re U.S.*, 733 F.2d 10, 13 (2d Cir. 1984).  However, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion "should not be granted where the moving party seeks solely to re-litigate an issue already decided."  *Id.*

In the instant case, the Court agrees that reconsideration is warranted. New York's General Municipal Law § 50-I provides that

> No action . . . shall be prosecuted or maintained against a . .
> . county . . . for personal injury . . . alleged to have been
> sustained by reason of the negligence or wrongful act of
> such . . . county . . . or of any officer, agent or employee
> thereof . . . unless, (a) a notice of claim shall have been
> made and served upon the . . . county . . . in compliance
> with section fifty-e of this chapter . . . .

"The provisions of N.Y. Gen. Mun. Law § 50-I apply not only to claims against municipalities, but also to suits against 'officer[s], agent[s] or employee[s]' whose conduct caused the alleged injury."  *Warner v. Village of Goshen Police Dep't.*, 256 F. Supp.2d 171, 174 (S.D.N.Y. 2003); *see Norr v. Spiegler*, 72 A.D.2d 20, 22-23 (1st Dep't 1980) ("The rule is clear that the notice of claim . . . provisions of GML . . . § 50-I are

defenses which may be raised by the doctor even though he, and not the city, was
sued."), *aff'd* 53 N.Y.2d 661 (1981).  As the complaint alleges that defendant Swain's
employment with PAWNY required him to provide medical care and treatment to
inmates in custody of the Erie County Correctional Facility, he is an agent of the County
for purposes of New York's Municipal Law § 50-I.  As a result, plaintiff's failure to file a
timely Notice of Claim renders the claims of pendent claims of gross negligence,
negligent infliction of emotional distress and medical negligence futile.


**Proposed Third Amended Complaint**

Plaintiff cross moves to serve a third amended complaint naming PAWNY
as a defendant and asserting claims for *respondeat superior* and third party beneficiary
breach of contract.  Dkt. #58.  Specifically, plaintiff alleges that PAWNY is liable for all
torts committed by defendant Swain and liable for its failure to "furnish physician
assistants that performed professional services within the scope of their professional
certification license in a form and manner in keeping with statutory standards or medical
care as detailed in said contract."  Dkt. #56-3, ¶ 55.  While conceding that the three
year statute of limitations has run, plaintiff argues that the proposed claims relate back
to the original and amended complaints.  Dkt. #57, pp.11-13.


In light of the Court's determination that the failure to file a notice of claim
renders the claims of pendent claims of gross negligence, negligent infliction of
emotional distress and medical negligence futile, there are no claims upon which
PAWNY could be held liable under a theory of *respondeat superior*.  In any event, the

proposed *respondeat superior* and third party beneficiary claims are time barred and cannot be saved by the relation back doctrine[2] because plaintiff has failed to establish that PAWNY knew or should have known within 120 days of the filing of the original complaint that plaintiff would have named it as a defendant if only plaintiff was not mistaken as to the identity of defendant Swain's employer.  *See Krupski v. Costa Corciere S.p.A.*, __ U.S. __, 130 S.Ct. 2485, 2493 (2010) (central inquiry under Rule 15(c)(1)(C)(ii) is whether the defendant to be added "knew or should have known that it would have been named as a defendant but for an error.").   In fact, the only theory of liability asserted for more than 20 months after the filing of plaintiff's complaint (and more than 44 months from the accrual of this action), is a claim pursuant to 42 U.S.C. § 1983 which did not assert either a legal or factual basis to encompass PAWNY.

---

[2] Fed. Rule Civ. P. 15(c)(1) provides that:
> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading; or
>
> © the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

## CONCLUSION

For the reasons set forth above, defendant Swain's motion for reconsideration (Dkt. #53), is granted and, upon reconsideration, plaintiff's motion to amend the complaint to assert pendent claims of gross negligence, negligent infliction of emotional distress and medical negligence is denied as futile due to plaintiff's failure to file a notice of claim.  In addition, plaintiff's motion to amend the complaint (Dkt. #58), to add Physician Assistant of Western New York, P.C. as a defendant in this action is denied as futile due to the running of the statute of limitations.


**SO ORDERED.**


**DATED:**      **Buffalo, New York**
                **September 27  , 2012**


                                    _s/ H. Kenneth Schroeder, Jr._
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**