**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**DERRICK RODDY,**

                         **Plaintiff,**

**v.**

                                                                    **09-CV-0848S(Sr)**

**LORI LAY and**
**STEVE SWAIN,**

                         **Defendants**

**STEVE SWAIN,**

                         **Third Party Plaintiff**

**v.**

**PHYSICIAN ASSISTANT OF WESTERN**
**NEW YORK, P.C.,**
**TODD ROLAND,**
**ROBERT BIEDERMAYER,**
**COUNTY OF ERIE,**

                         **Third Party Defendants.**

_____

## DECISION AND ORDER

        Pursuant to 28 U.S.C. § 636(c), the parties have consented to the

assignment of this case to the undersigned to conduct all proceedings in this case,

including the entry of final judgment.  Dkt. #72.


        The operative complaint asserts a claim of deliberate indifference to

serious medical needs in violation of plaintiff's rights under the Eighth Amendment to

the United States Constitution, pursuant to 42 U.S.C. § 1983, against Stephen Swain.

Dkt. #71-1.  Stephen Swain commenced a third party action against Physician Assistant

of Western New York, P.C. ("PAWNY"); Todd Roland; Robert Niedermayer; and the

- 1 -

County of Erie seeking: (1) indemnification pursuant to a contract between the County of Erie and PAWNY which requires PAWNY to provide comprehensive professional liability coverage and the County of Erie to provide protection, pursuant to Section 50-d of the New York State General Municipal Law, "for all sums for legal defense and payment of medical malpractice claims, awards or judgments up to the limits of said assigned professional's primary professional liability insurance policy and any applicable excess professional liability insurance policy; (2) to pierce the corporate veil of PAWNY to hold Todd Roland and Robert Niedermayer, each of whom are alleged to have failed to procure adequate insurance coverage, undercapitalized PAWNY and/or misused PAWNY's corporate assets for their personal benefit, personally liable for the obligations of PAWNY to Stephen Swain; and (3) indemnification from PAWNY, Todd Roland and Robert Niedermayer pursuant to New York's Business Corporation Law § 1505(a).[1]  Dkt. #84.

Currently before the Court is the County of Erie's motion to dismiss the third party complaint for failure to state a claim on the ground that the contract underlying the claim provides indemnification for medical malpractice claims, not civil rights claims.  Dkt. #89.  In support of this argument, the County of Erie relies upon the text of the Independent Contractor Services Agreement, attached to the third party complaint, which provides:

---

[1] New York's Business Corporation Law § 1505(a) provides that "[e]ach shareholder, employee or agent of a professional service corporation . . . shall be personally and fully liable and accountable for any negligent or wrongful act or misconduct committed by him or any person under his direct supervision and control while rendering professional services on behalf of such corporation."

> COUNTY shall provide protection, as guaranteed by Section 50-d of the New York State General Municipal Law ("Section 50-d") as well as by a 1977 Resolution of the Erie County Legislature, for indemnification from Erie County for all sums for legal defense and payment of medical malpractice claims, awards or judgments up to the limits of said assigned professional's primary professional liability insurance policy and any applicable excess professional liability insurance policy.

Dkt. #83-4, p.3, ¶ 1(d).  New York General Municipal Law § 50-d provides:

> Notwithstanding any inconsistent provision of law, general, special or local, or limitation contained in the provisions of any city charter, every municipal corporation shall be liable for, and shall assume the liability, to the extent that it shall save him harmless, of any resident physician, physician, interne, dentist, podiatrist or optometrist rendering medical, dental, podiatry or optometry services of any kind to a person without receiving compensation from such person in a public institution maintained in whole or part by the municipal corporation . . . for damages for personal injuries alleged to have been sustained by such person by reason of the malpractice of such resident physician, physician, interne, dentist, podiatrist or optometrist while engaged in the rendition of such services.

The Court takes judicial notice that the 1977 Resolution provides:

> [T]he medical malpractice self-insurance plan of the County of Erie . . . is . . . extended to include the following professional health service personnel: those dentists, medical doctors, laboratory technicians, registered nurses, public health nurses, licensed practical nurses, chiropractors, podiatrists and other professional health personnel who render their services to patients at the request of the County of Erie on the basis of an hourly rate for services rendered without any billing by themselves to the patient, in various County clinics, health centers, well-child clinics, school health clinics, etc., from July 1, 1977 and into the indefinite future

Dkt. #90-2, p.2.

In opposition to the motion to dismiss, Stephen Swain argues that the County of Erie has failed "to identify any controlling authority which states that a claim pursuant to 42 U.S.C. § 1983, which, like the case at bar, is based exclusively upon the care provided by a medical professional (the often named 'deliberate indifference' claim), does not fall within the protections afforded to medical professionals under Section 50-d of the New York State General Municipal Law and the 1977 Resolution of the Erie County Legislature." Dkt. #105, ¶ 6. Stephen Swain further argues that "because PAWNY has refused to defend and indemnify Mr. Swain, it is the obligation of the County of Erie to do so, even if neither Section 50-d of the New York State General Municipal Law or the 1977 Resolution of the Erie County Legislature mandates coverage of claims pursuant to 42 U.S.C. § 1983." Dkt. #105, ¶ 8.

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *see also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "Where a plaintiff has relied on the terms and effect of a document in drafting the complaint and that document is thus integral to the complaint," the district court may consider the contents of the document "even if it is not formally incorporated by reference." *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (internal quotations omitted), *quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). "If the documents referenced in the complaint contradict the facts alleged by the plaintiff, the documents control and the court need not accept as true the plaintiff's allegations." *Olin Corp. v. E.I. Dupont De Nemours and Corp.*, No. 05-CV-100, 2006 WL 839415 (W.D.N.Y. March 27, 2006).

It is axiomatic under New York law that the fundamental objective of contract interpretation is to give effect to the expressed intentions of the parties. *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011). "When an agreement is unambiguous on its face, it must be enforced according to the plain meaning of its terms." *Id.* "Contract language is unambiguous when it has a definite and precise meaning and where there is no reasonable basis for a difference of opinion." *Klos v. Lotnicze*, 133 F.3d 164, 168 (2d Cir. 1997).

In the instant case, the Independent Contractor Services Agreement clearly provides that the County of Erie shall indemnify PAWNY "for all sums for legal defense and payment of medical malpractice claims, awards or judgments up to the limits of [PAWNY's] primary professional liability insurance policy and any applicable excess professional liability insurance policy."   Dkt. #84-4, p.3.  However, a claim of deliberate indifference to serious medical needs is distinct from a claim of medical malpractice.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim."); *Hathway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (deliberate indifference claim "requires a state of mind that is the equivalent of criminal recklessness.").  In light of the distinctions between medical malpractice and deliberate indifference claims, the County's agreement to indemnify Mr. Swain for medical malpractice cannot also encompass plaintiff's deliberate indifference claim.  Accordingly, the County of Erie's motion to dismiss the third party complaint (Dkt. #89), is granted.

**SO ORDERED.**

**DATED:**      **Buffalo, New York**
             **July 1, 2015**

                            *s/H. Kenneth Schroeder, Jr.   .*
                          **H. KENNETH SCHROEDER, JR.**
                          **United States Magistrate Judge**